```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JULIE NORDBERG,

                    Petitioner,        MEMORANDUM & ORDER
                                       21-MC-3118(JS)
        -against-

UNITED STATES OF AMERICA,

                    Respondent.
---------------------------------X
APPEARANCES
For Petitioner:     Julie Nordberg
                    226 Main Street, Unit 14
                    Old Saybrook, Connecticut  06475

For Respondent:     Megan Elizabeth Farrell, Esq.,
                    Assistant United States Attorney
                    United States Attorney's Office,
                    Eastern District of New York
                    271 Cadman Plaza East
                    Brooklyn, New York  11201
```

SEYBERT, District Judge:

Presently before the Court is the motion of Julia Nordberg ("Petitioner" or "Nordberg"), proceeding pro se, seeking the expungement of her criminal record (hereafter, the "Expunge Motion"). (See ECF No. 1; see also Reply, ECF No. 5.[1]) The Government opposes said Motion. (See Opp'n, ECF No. 3.) For the reasons that follow, the Expunge Motion is DENIED.

---

[1] While docketed as a "Motion to Seal", the Court deems Nordberg's subsequent March 14, 2023 submission to be her Reply to the Government's Response in Opposition to the Expunge Motion in which Nordberg requests alternative relief in the form of having her criminal case sealed.

BACKGROUND

The Court assumes the parties' familiarity with Petitioner's underlying criminal case, Case No. 02-CR-01397 (hereinafter, the "Criminal Case"). For the reader's convenience, the Court summarily states the following.

I. The Criminal Case

On December 20, 2002, Nordberg pled guilty to two counts of a three-count Information, admitting she made, subscribed, and filed false federal income tax returns on April 15, 1999. (See Opp'n at 1.) Thereafter, on October 16, 2003, Nordberg was sentenced to five years of supervised release and ordered to pay a $500 fine. (Id. (citing Sent'g Hr'g Minute Entry, ECF No. 12; Judgment, ECF No. 13).))

On April 26, 2006, upon the Probation Department's motion, Petitioner was granted early termination of her supervision. (See Order, ECF No. 14.). On November 19, 2007, Nordberg was also granted a "Certificate of Relief from Disabilities" from New York State which "grant[ed] relief from all or certain enumerated disabilities, forfeitures, or bars to h[er] employment automatically imposed by law by reason of h[er] conviction of the crime" specified on the form certificate, i.e., her federal income tax fraud conviction. (See ECF No. 1-3 at 1.)

With such a certificate, Nordberg hoped to expand the jobs for which she would be eligible.  (See id. at 4.)

II.  The Instant Motion

In support of her Expunge Motion, Nordberg assets: "I need a job, I want a job, I am a valued citizen, I deserve to work anyplace without the stressors and hindrance this felony background impedes."  (Support Memo, ECF No. 1-1, at 3-4.)  More particularly, Nordberg represents: in the past six years, she has held 13 jobs; and, she seeks civil service employment, which requires a background check.  (See id.)  Nordberg further supports her Expunge Motion with, inter alia, a collection of character reference letters from former employers and colleagues, as well as from family and friends.  (See Support Letters, ECF No. 1-2 at 6-12.)

In opposition, the Government maintains Petitioner "fails to identify any unusual or extreme circumstances that warrant the expungement of her record."  (Opp'n at 2. ("Difficulty in obtaining or maintaining employment because of a criminal record has been held insufficient to warrant expungement." (quoting Joefield v. United States, No. 13-MC-367, 2013 WL 3972650, at *3 (E.D.N.Y. Aug. 5, 2013)).)  In sum, it argues "[P]etitioner's frustration with her inability to secure a long-term civil service position is insufficient to support expungement or sealing." (Id. at 3.)  For the reasons that follow, the Court agrees.

DISCUSSION

As an initial matter, because Petitioner's submissions were filed pro se, the Court will liberally construe them "'to raise the strongest arguments that they suggest.'" Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, this does not excuse Petitioner "'from compl[ying] with relevant rules of procedural and substantive law'. . . ." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

I. Legal Standard

"Federal courts . . . are courts of limited jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Except in limited circumstances provided for by statute, district courts lack subject matter jurisdiction to expunge valid convictions and cannot exercise ancillary jurisdiction to do so. See Doe v. United States, 833 F.3d 192, 196-97 (2d Cir. 2016); see also Johnson v. United States, No. 21-MC-0788, 2021 WL 2827350, at *3 (E.D.N.Y. July 7, 2021) (same); Cicero v. United States, No. 19-MC-1143, 2021 WL 2075715, at *1 and n.3 (E.D.N.Y. May 24, 2021) (same); cf. United States v. Schnitzer, 567 F.2d 536 (2d Cir. 1977) (holding "[a] court, sitting in a criminal proceeding, has ancillary jurisdiction to issue protective orders regarding dissemination of arrest records" (emphasis added)); Doe, 833 F.3d

at 197 ("We therefore conclude that Schnitzer is confined to the expungement of arrest records following a district court's order of dismissal . . . ."). Rather, "the Supreme Court instruct[s] that ancillary jurisdiction may be exercised 'for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" Doe, 833 F.3d at 198 (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994)). Since expungement of a criminal record premised solely upon equitable grounds does not satisfy either of these purposes, a district court is without a basis to exercise its ancillary jurisdiction to expunge the record of a valid conviction. See id. (citations omitted); see also Johnson, 2021 WL 2827350, at *3 (finding court lacked jurisdiction to consider expungement petition where underlying conviction was valid and there was no statutory exception that would confer jurisdiction upon the court to permit consideration of the petition); Cicero, 2021 WL 2075715, at *2 (same) (collecting cases regarding courts lacking ancillary jurisdiction to expunge valid convictions); cf. United States v. Bolera, No. 00-CR-0631, 2021 WL 5232452, at *2 (finding court lacked jurisdiction over request to seal a valid conviction).

II. Application

Here, Petitioner's Expunge Motion is devoid of any claims her guilty plea was invalid or coerced, or that there are extreme circumstances, e.g., her constitutional rights were violated; her arrest was primarily to harass her as a worker; the police misused her criminal records; or the underlying statute of her conviction was later declared unconstitutional, see Joefield, 2013 WL 3972650, at *3 (providing these examples as extreme circumstances), warranting the use of the Court's ancillary jurisdiction. See Prophete v. United States, No. 10-MC-0811, at *1 (E.D.N.Y. Oct. 20, 2011). Moreover, nothing in her supporting submissions would establish such claims. Rather, it is readily apparent Petitioner's request is equitable in nature, i.e., she seeks expungement to secure a civil service job "as opposed to jobs that do not require background checks" (Opp'n at 2); this is not enough to evoke the Court's ancillary jurisdiction. See id. (collecting cases denying expungement motions based upon adverse employment affects); cf. Johnson, 2021 WL 2827350, at *3 ("[S]ince: (1) Johnson's Criminal Case has long been concluded; (2) his only argument which the Court has been able to glean from his submissions and in support of the Court exercising its ancillary jurisdiction, i.e., that the expungement of Johnson's Criminal Case may somehow facilitate his being awarded veteran-related benefits, is both equitable in nature and factually independent

from his Criminal Case; (3) "expunging a record of conviction on equitable grounds is entirely unnecessary to manage a court's proceedings, vindicate its authority, or effectuate its decrees," id. (quoting Kokkonen, 511 U.S. at 380) (cleaned up); and, (4) Petitioner has not pointed to, nor has the Court been able to find, any statutory authority permitting the Court to rule upon the Expunge Petition, there is no basis to exercise ancillary jurisdiction in this instance."). Thus, while empathetic to Petitioner's plight, this Court is without a basis to exercise ancillary jurisdiction to grant the relief sought.

For completeness, as to Petitioner's alternative request to have this case sealed, as the Government aptly states "the generalized fear of a potential adverse effect on future employment is an insufficient justification for sealing." (Opp'n at 3 (citing United States v. Ravitsky, No. 02-CR-1268, 2006 WL 145567, at *3 (E.D.N.Y. May 23, 2006))); see also Ali v. United States, No. 13-MC-0342, 2013 WL 4048498, at *1 n.1 (E.D.N.Y. Aug. 9, 2013) (explaining the terms "expunge" and "seal" "have been used interchangeably when a request to seal or expunge is made" and that "[m]otions to seal or expunge criminal records apply the same stringent standard" (citations omitted)).

***

To the extent not explicitly addressed herein, the Court has considered Petitioner's remaining arguments and finds them to

be without merit. In the end, even if, arguendo, the Court had jurisdiction to rule upon the Expunge Motion, it would deny the requested relief since, upon the record presented and Petitioner's underlying Criminal Case, there is no basis warranting expungement.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's Expunge Motion (ECF No. 1) is DISMISSED;

IT IS FURTHER ORDERED, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

IT IS FURTHER ORDERED that the Clerk of Court close this case and mail a copy of this Memorandum and Order to the pro se Petitioner at her address of record.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   May 9, 2024
         Central Islip, New York